**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3483-15T1

PNC BANK, N.A.,

    Plaintiff-Respondent,

v.

DEIDRE GUINE and MR. GUINE,
her husband,

    Defendant-Appellant.

_____

Submitted October 23, 2017 — Decided November 9, 2017

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-048672-13.

Deidre Guine, appellant pro se.

Ballard Spahr, LLP, attorneys for respondent (William J. DeSantis, on the brief).

PER CURIAM

Defendant Deidre Guine appeals from a final judgment of foreclosure, arguing she was never served with the amended complaint upon which the judgment was entered, default was never entered on the amended complaint, and plaintiff PNC Bank, N.A.

lacked standing. Because the record shows plaintiff had standing based on its merger with the original mortgagee and its possession of the note, defendant was properly served with the amended complaint and default was entered, we affirm.

Defendant does not dispute that she borrowed $187,064 from National City Mortgage Co. in October 2002, and executed a note secured by a mortgage on property located in South Amboy. National City merged with plaintiff in 2009. The following year, plaintiff modified defendant's loan. On March 1, 2013, defendant defaulted.

Plaintiff filed its foreclosure complaint in December 2013, and the court granted its motion for entry of default ten months later. Defendant subsequently filed a motion to vacate the default. After hearing argument, the court found defendant failed to offer any explanation for her failure to file an answer and rejected her contention that plaintiff lacked standing. The court entered a December 19, 2014 order denying defendant's motion.

In March 2015, plaintiff filed an amended complaint alleging defendant's default under the loan modification agreement. Plaintiff served defendant with the amended complaint and summons by regular and certified mail. Defendant failed to file a responsive pleading and on April 27, 2015, default was entered.

In May 2015, defendant filed a motion for reconsideration of the court's December 19, 2014 order. The court denied the motion.

Plaintiff moved for entry of a final judgment of foreclosure. Defendant opposed the motion, arguing she was deprived of the opportunity to contest plaintiff's allegations. The court advised defendant that her objection to an entry of final judgment was improper because her challenge was not limited to the correctness of plaintiff's certification of the amount due. See R. 4:64-1(d).

In January 2016, defendant filed a motion for relief from "all judgments and orders rendered in favor of plaintiff." In a February 19, 2016 order, the motion was denied. The court entered a final judgment of foreclosure ten days later on February 29, 2016. This appeal followed.

We have considered each of plaintiff's arguments and they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e). We offer the following additional comments.

Defendant contends the final judgment and the orders denying her other motions were entered in error because plaintiff lacked standing and she was not served with either the original or amended complaint. We find no merit in either contention.

The record shows plaintiff has standing for two reasons. First, plaintiff possessed the note when the complaint was filed. See Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (finding plaintiff's possession of the

note at the time the complaint is filed is sufficient to confer standing in a foreclosure action). Second, plaintiff has standing because it is "deemed to be the same corporation" as the original mortgagee by virtue of National City's 2009 merger with plaintiff. 12 U.S.C.A. § 215(e).

We also find no merit in defendant's assertion that she was not properly served with either the original complaint or the amended complaint and that, as a result, the court erred in denying her motions and entering final judgment. Most simply stated, the record shows defendant was served in both instances in accordance with the Rules of Court, and she fails to demonstrate otherwise.

Defendant also claims the court erred because default was not entered based on her failure to respond to the amended complaint. The argument is contradicted by the record, which shows defendant was served with the amended complaint and failed to file a responsive pleading, and plaintiff filed a notice of default on April 27, 2015. Further, as defendant admitted in the certification supporting her January 2016 motion, the court entered default on April 27, 2015, based on her failure to respond to the amended complaint. See R. 1:6-8, R. 4:43-1 and R. 4:64-1(c).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3483-15T1